# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SUNBRIDGE CAPITAL, INC., :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:08-CV-0456-RWS
LEON LUMSDEN, *et al.*, :
:
    Defendants. :

## ORDER

This case is before the Court for consideration of the Motion to Set Aside Default Judgment [195-1] and Request for Hearing [195-2] filed by Defendant Carlos Smith (hereinafter "Defendant Smith"). As an initial matter, the Court finds that a hearing is not necessary for the Court to decide the issue presented by Defendant Smith's motion. Therefore, the Request for Hearing [195-2] is **DENIED**. After reviewing the record, the Court enters the following Order.

Defendant Smith was served in this action on September 25, 2008. Thus, he was required to answer or otherwise respond to the Complaint by October 15, 2008. After October 15, 2008, Defendant Smith contacted Plaintiff's counsel, Dylan Howard concerning the case. Defendant Smith and Mr. Howard offered differing testimony concerning their conversation. Defendant Smith

acknowledges that Mr. Howard told him that the time for responding to the Complaint had passed but stated that Mr. Howard "stated that it was 'ok.'" (Smith Aff. at ¶ 3.) He further stated that Mr. Howard told him "there was no rush," and "that all he need [sic] from me was a statement saying I had no involvement." (Id.)

In his Affidavit, Mr. Howard acknowledges having a conversation with Defendant Smith after October 15, 2008. (Howard Aff. at ¶ 6.) However, Mr. Howard stated that he told Mr. Smith that he "could not provide him with legal advice, but his time to respond to the Complaint had expired and that he should speak with an attorney or take some other action to protect his right to respond to the Complaint." (Id. at ¶ 7.) Mr. Howard states that he "never told Mr. Smith that it was 'ok' that he was in default or that he should not be concerned about his delay in responding to the Complaint." (Id. at ¶ 9.) He did state to Defendant Smith that he "was interested in resolving the case through settlement." (Id. at ¶ 10.) Both Defendant Smith and Mr. Howard acknowledge that there was one subsequent conversation between them in which Defendant Smith informed Mr. Howard that he was still attempting to retain an attorney. They also agree that Mr. Howard informed Defendant Smith at that time that he was in default and that he needed to seek legal advice. (Smith Aff. at ¶ 3;

2

Howard Aff. at ¶ 11.)

Defendant Smith asserts that he has a valid legal defense to this action. Specifically, he asserts that he was a victim of identity theft by other Defendants in this action. He asserts that he provided personal information to other Defendants in an effort to obtain a small business loan. However, his loan application was not approved, and he assumes that other Defendants used his information to assist them in perpetrating their fraud. (Smith Aff. at ¶ 4.)

Because judgment has not been entered, the default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c).

> To determine whether there is "good cause" to set aside the default, the court looks at four factors:
>
> (1) whether the defaulting party took prompt action to vacate the default;
>
> (2) whether the defaulting party provides a plausible excuse for the default;
>
> (3) whether the defaulting party presents a meritorious defense; and
>
> (4) whether the party not in default will be prejudiced if the default is set aside.

Southwest Georgia Farm Credit, ACA v. Justice, 330 B.R. 872, 874 (Bankr. M.D. Ga. 2005) (citing Turner Broad. Sys., Inc. v. Sanyo Elec., Inc., 33 B.R.

996, 1001 (N.D. Ga. 1983), aff'd, 742 F. 2d 1465 (11th Cir. 1984)).

While Defendant Smith did not act promptly to answer the Complaint, even after being advised by Mr. Howard that he was in default, he did move to set aside the Default within three weeks of the entry of same. Although Defendant's actions were not prompt, the Court takes into account his *pro se* status in evaluating his actions. Further, as a *pro se* litigant, Defendant Smith may have misunderstood the importance of making an appearance in the case to protect his interests even after talking with Mr. Howard. The Court does not find that Mr. Howard misled Defendant Smith in any way in their conversations. However, as a *pro se* litigant, Defendant Smith may have unduly relied upon discussions about settlement in assuming that he did not need to take further action. The factors that weigh heaviest in the Court's decision on this Motion are the apparent presence of a meritorious defense on the part of this Defendant and the lack of prejudice to the Plaintiff if the Default is set aside. Based upon Defendant Smith's representations in his Affidavit, he may actually be a victim of fraud by others rather than a perpetrator of the fraud. If so, he should be afforded an opportunity to make his case to the Court. Because discovery is not closed, the Court finds that Plaintiff will not be prejudiced by allowing Defendant Smith to answer the Complaint.

4

After considering the foregoing factors, Defendant Smith's Motion to Set Aside Default Judgment [195-1] is hereby **GRANTED**. The Default entered against Defendant Smith is hereby **SET ASIDE**. Defendant Smith is **ORDERED** to file his answer to the Complaint within five (5) days of the entry of this Order. Further, Defendant Smith shall be subject to discovery immediately. Defendant Smith's Request for Hearing [195-2] is **DENIED**.

**SO ORDERED**, this  15th  day of April, 2009.

_____
**RICHARD W. STORY**
United States District Judge

5